Rosana PRIVITERA, Respondent,

v.

COASTAL MART, INC., Appellant.

No. WD 49920.

Missouri Court of Appeals,
Western District.

Aug. 29, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 3, 1995.

Application to Transfer Denied
Nov. 21, 1995.

**780**

Ben T. Schmitt, Kansas City, for appellant.

Stephen C. Caruso, Kansas City, for respondent.

Before BERREY, P.J., and ULRICH and ELLIS, JJ.

ELLIS, Judge.

On April 24, 1991, Rosana Privitera Biondo ("Privitera") stopped after work at a Coastal Mart Inc. gas station in Raytown, Missouri to purchase gasoline. Privitera, who was wearing high heels, pumped the gasoline into her car and walked across the station lot to pay the cashier. As she left the cashier and began walking back across the lot to her car, she caught her heel in a small marble-sized hole in the concrete and fell to the ground. As a result of her fall, Privitera's lip was badly cut and some of her teeth were broken. Privitera filed suit against Coastal Mart in Jackson County, alleging negligence. Coast-

al Mart answered, denying the allegation of negligence and affirmatively asserting Privitera's injuries were a result of her own negligence or the negligence of third parties. Following trial on April 25, 1994, the jury returned a verdict awarding Privitera $40,-000 in damages and assessing 70% fault to Coastal Mart and 30% fault to Privitera. On April 27, 1994, the court entered judgment in favor of Privitera in the amount of $28,000 (70% of $40,000). Coastal Mart filed a motion for judgment notwithstanding the verdict or in the alternative motion for new trial, which was denied. It now appeals. The judgment is affirmed.

■ In its first point, Coastal Mart contends the trial court erred in denying its motions for directed verdict as well as its motion for judgment notwithstanding the verdict because the condition of the parking lot was so open and obvious that under *Harris v. Niehaus*, 857 S.W.2d 222 (Mo. banc 1993), Coastal Mart owed no duty to Privitera. Under *Harris*, if a condition on the property is so open and obvious that an invitee should reasonably be expected to discover it and realize the danger, a possessor of land does not breach the standard of care owed to invitees unless the possessor should anticipate the harm despite such knowledge or obviousness. *Id.* at 226.

[A] possessor of land is not an absolute insurer of the well-being of its invitees. As a general matter, therefore, a possessor's actions do not fall below the applicable standard of care if the possessor fails to protect invitees against conditions that are open and obvious as a matter of law. *Id.*

■ Coastal Mart contends the condition of the lot, which had numerous marble-sized pits on the surface of the concrete, was so open and obvious that a person should reasonably be expected to see it and realize her heel could catch in one of the small holes and consequently, it did not breach the standard of care owed to Privitera.

In *Harris*, a woman left her children in a car on a hill facing down toward a lake at the bottom of a hill. The Court found it to be completely obvious to a reasonable person

that a car will roll down a hill, and that if there is a lake at the bottom of the hill, the car will likely roll into the lake, drowning the children inside the car.

In the case at bar, we are dealing with the maintenance of the surface of the gas station lot rather than the placement of parking spaces at the top of a hill. The most obvious distinction between the *Harris* scenario and this one is that the allegedly defective condition in *Harris* was a natural condition: a hill leading down to a lake. On the other hand, in the case at bar, while the defect may have been caused by natural forces, i.e., pop-outs in the concrete caused by water seeping into the concrete and freezing, it is not a natural condition: it is merely a normal occurrence with concrete in Midwestern weather. While such a condition on pavement may be quite visible and is something women in high heels are confronted with every day, it does not necessarily follow that Coastal Mart had no duty to repair the surface of the lot if it became unreasonably dangerous.

While we do not imply that only natural conditions may be considered open and obvious, if we follow Coastal Mart's argument to its logical conclusion, the possessor of land will never be liable if the condition on property is visible, no matter how negligent the possessor was in maintaining its property. But a possessor of land is still subject to liability for injuries caused by a condition on the land if the possessor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Harris v. Niehaus*, 857 S.W.2d at 225–26 (*quoting* Restatement (Second) of Torts, § 343 (1965)). As noted in *Harris*, this means:

> Thus, to meet the applicable standard of care a possessor of land must (1) exercise reasonable care; (2) disclose to the invitee all dangerous conditions which are known to the possessor and are likely not to be discovered by the invitee; and (3) see that the premises are safe for the reception of a visitor, or at least ascertain the condition of the land, to give such warning that the invitee may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if he does accept it.
>
> Under the second element of Sec. 343, when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does not breach the standard of care owed to invitees "*unless the possessor should anticipate the harm despite such knowledge or obviousness.*"

*Id.* at 226 (Emphasis added; Citations omitted).

■ The key issue in this case relates to the second requirement. Here, the evidence established that the parking lot had far more pop outs than is typical. Coastal Mart clearly should have anticipated the harm despite the fact that the pop outs were visible. Even if one could say that the pop outs were so open and obvious that a reasonable person should have been expected to discover the condition and realize the danger as a matter of law, which we are expressly unwilling to say, the surface was so riddled with holes that Coastal Mart should have anticipated the harm and corrected the condition. After paying the cashier, Privitera had to walk across the pitted concrete to return to her car and thus could expect it would be safe for this reasonable use.

■ In determining whether the plaintiff made a submissible case, we construe the evidence, together with all reasonable inferences drawn therefrom, in the light most favorable to the plaintiff, and disregard defendant's evidence that does not support the plaintiff's case. *Eide v. Midstate Oil Co.*, 895 S.W.2d 35, 39 (Mo.App.1995). We will reverse the trial court's decision only if all of the evidence and reasonable inferences are so strongly against the plaintiff's case that reasonable minds could not differ. *Id.*

Coastal Mart has not met this burden. We conclude that the condition of Coastal Mart's lot was not open and obvious as a matter of law and, even if it was, the condition was such that Coastal Mart should have anticipated the harm despite the obviousness. Therefore, the issue of fault was properly one for the jury. The trial court did not err in denying Coastal Mart's motion for directed verdict and post-trial motions. Point denied.

In its second point, Coastal Mart contends the trial court erred in failing to instruct the jury that Coastal Mart did not breach the standard of care if the defect complained of was open and obvious to Privitera or others similarly situated. Coastal Mart submitted the following instruction which was rejected by the trial court:

> Your verdict must be for defendant if you believe the condition of defendant's driveway was so open and obvious that plaintiff knew or by using ordinary care should have known of the possible dangers of the holes or pits in defendant's driveway.

The trial court did not err in refusing to submit this instruction to the jury because the issue regarding whether the condition was open and obvious is a question of law to be decided by the court. If the court finds the condition was, as a matter of law, open and obvious, the case is not submissible to the jury in the first place because the plaintiff has not established the failure to protect against the complained condition fell below the applicable standard of care. *See Harris,* 857 S.W.2d at 225, 227. Thus, once the court has properly determined the condition was not open and obvious as a matter of law, the jury is to be instructed under normal comparative fault instructions, which was done in this case. Coastal Mart's second point is denied.

In its third point, Coastal Mart contends the trial court erred in overruling its motions for directed verdict and post-trial motions because Privitera failed to prove her allegations of negligence were causally related to her injury. In her amended petition, Privitera alleged Coastal Mart was negligent in failing to keep the parking lot in a safe condition, failing to fill the holes and cracks in the lot, failing to warn customers of the dangerous condition, and in maintaining a driveway with a surface "riddled with holes." According to Coastal Mart, Privitera submitted the case to the jury on the sole theory that there were too many holes in the concrete.[1]

Basically, Coastal Mart is asserting that the number of pits makes no difference on the issue of causation because if, in fact, Privitera did catch her heel in a hole, she caught it in only one hole. None of the other holes, no matter how many, made a difference as to causation, and the existence of the one hole that caught her heel does not establish negligence.

This argument is devoid of merit. The number of holes in the concrete, as testified to by Privitera's expert, is directly relevant to the condition of the concrete and in turn, is directly relevant to the issue of whether Coastal Mart was negligent in maintaining the lot. In addition, the condition of the lot and the number of holes in the concrete is directly related to the issue of causation of Privitera's fall: the more holes on the surface, the more likely it is that a woman's heel will become caught in one. Thus, the issues of whether the number of holes established negligence and whether it was causally related to the accident were questions for the jury. We therefore deny Coastal Mart's final point.

The judgment is affirmed.

All concur.

---

1. Privitera's expert testified that these pop-outs were a normal and natural occurrence with Midwestern weather. However, he stated that the Coastal Mart lot had many more of these holes per square foot than was normal.